William C. Wilson, SBN: 149683
bwilson@wilsongetty.com
Kim S. Cruz, SBN: 177406
kcruz@wilsongetty.com
Ryan G. Canavan, SBN: 313990
rcanavan@wilsongetty.com
Evan J. Topol, SBN: 274932
etopol@wilsongetty.com
WILSON GETTY LLP
12555 High Bluff Drive, Suite 270
San Diego, California 92130
Telephone:    858.847.3237
Facsimile:    858.847.3365

Attorneys for Defendant SPRUCE HOLDINGS, LLC dba REDWOOD SPRINGS HEALTHCARE CENTER (erroneously sued and served as REDWOOD SPRINGS HEALTHCARE CENTER and SPRUCE HOLDINGS, LLC)

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARX FORD, individually and as Successor in Interest to the Estate of Gennie Price, deceased; RODNEY FORD; MARVIN FORD; and MORRIS FORD,<br><br>Plaintiffs,<br><br>vs.<br><br>REDWOOD SPRINGS HEALTHCARE CENTER; SPRUCE HOLDINGS, LLC; and DOES 1 to 50, inclusive,<br><br>Defendants. | Case No.<br><br>[Removal from Superior Court of California, County of Tulare Case No. VCU286614]<br><br>**REQUEST FOR JUDICIAL NOTICE FILED CONCURRENTLY WITH AND IN SUPPORT OF DEFENDANT'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1331, 1441, 1442(a)(1) and 1446**<br><br>*[Filed concurrently with Civil Cover Sheet and Notice of Removal]* |

**TO THE COURT AND ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that pursuant to *Federal Rules of Evidence*, Rule 201, Defendant, SPRUCE HOLDINGS, LLC dba REDWOOD SPRINGS HEALTHCARE CENTER (erroneously sued and served as REDWOOD SPRINGS HEALTHCARE CENTER and SPRUCE HOLDINGS, LLC) hereby request that the Court take judicial notice of the following documents, attached as Exhibits A through FF, in support of Defendant's Notice of Removal of Action.

1  Ex. "A": Plaintiff's Complaint, a true and correct copy of which is attached hereto as Exhibit A.

2  Ex. "B": March 10, 2020 Declaration of United States Health and Human Services Secretary Alex Azar invoking the Public Readiness and Emergency Preparedness ("PREP") Act for the COVID-19 pandemic, effective February 4, 2020. A true and correct copy of this Declaration is attached hereto as Exhibit B.

Ex. "C": April 10, 2020 Amended Declaration of United States Health and Human Services Secretary Alex Azar extending liability immunity to additional covered countermeasures authorized under the Coronavirus Aid, Relief and Economic Security ("CARES") Act (i.e., NIOSH approved respiratory protective devices), effective March 27, 2020. A true and correct copy of the Amended Declaration is attached hereto as Exhibit C.

Ex. "D": Second Amendment to Declaration under the PREP Act for Medical Countermeasures against COVID-19 (June 8, 2020). A true and correct copy of the Second Amended Declaration is attached hereto as Exhibit D.

Ex. "E": Fourth Amendment to Declaration under the PREP Act for Medical Countermeasures Against COVID–19 (December 3, 2020). A true and correct copy of the Fourth Amended Declaration is attached hereto as Exhibit E.

Ex. "F": August 14, 2020, Letter by Robert Charrow, Office of General Counsel of the Secretary of the Department of Health and Human Services, to Thomas Barker of Foley Hoag, LLP. A true and copy of this letter is attached hereto as Exhibit F.

Ex. "G": Advisory Opinion 20-04 on the Public Readiness and Emergency Preparedness Act and the Secretary's Declaration under the Act October 22, 2020, as Modified on October 23, 2020, by Office of the General Counsel. A true and copy of this Advisory Opinion is attached hereto as Exhibit G.

Ex. "H": Advisory Opinion 20-02 on the Public Readiness and Emergency Preparedness Act and the Secretary's Declaration under the Act May 19, 2020, by Office of the General Counsel. A true and correct copy of this Advisory Opinion is attached hereto as Exhibit H.

Ex. "I":  List of Covered Countermeasures subject to Emergency Use Authorizations by the United States Food and Drug Administration.  A true and correct copy of this List is attached hereto as Exhibit I.

Ex. "J":  January 8, 2020, CDC Health Update Outbreak of Pneumonia of Unknown Eitology (PUE) in Wuhan China, a true and correct copy of which is attached hereto as Exhibit J.

Ex. "K":  January 17, 2020 CDC Interim Infection Prevention and Control Recommendations for Patients with Known or Patients Under Investigation for 2019 Novel Coronavirus (2019-n-coV) in a Healthcare Setting, a true and correct copy of which is attached hereto as Exhibit K.

Ex. "L":  January 24, 2020 CDC Interim Infection Prevention and Control Recommendations for Patients with Known or Patients Under Investigation for 2019 Novel Coronavirus (2019-n-coV) in a Healthcare Setting, a true and correct copy of which is attached hereto as Exhibit L.

Ex. "M": February 1, 2020 CDC Health Update and Interim Guidance on the Outbreak of 2019 Novel Coronavirus (2019-n-coV), a true and correct copy of which is attached hereto as Exhibit M.

Ex. "N":  California Department of Public Health ("CDPH") All Facilities Letters (AFLs) pushing out the information and directives issued by the CDC with respect to identification of PUI and infection prevention and control;  AFLs 20-09, 20-10, 20-11, 20-13, and 20-15, true and correct copies of which are attached collectively hereto as Exhibit N.

Ex. "O":  The Centers for Medicare and Medicaid Services ("CMS") February 6, 2020 Memorandum QSO 20-09-ALL instructing healthcare providers to adhere to CDC directives regarding the use of standard, contact and airborne precautions when interacting with PUI, a true and correct copy of which is attached hereto as Exhibit O.

Ex. "P":  February 28, 2020, CDC Health Update and Interim Guidance on the Outbreak of 2019 Novel Coronavirus (COVID-19), a true and correct copy of which is attached hereto as Exhibit P.

Ex. "Q":  March 3, 2020, CDC Strategies to Prevent the Spread of COVID-19 in Long-Term Care Facilities (LTCF), a true and correct copy of which is attached hereto as Exhibit Q.

Ex. "R":  March 3, 2020, CDPH All Facilities Letter AFL 20-17, a true and correct copy of which is attached hereto as Exhibit R.

Ex. "S": March 4, 2020, CMS Memorandum Infection Control and Prevention of Coronavirus Disease 2019 (COVID-19) in Nursing Homes- QSO 20-14-NH, a true and correct copy of which is attached hereto as Exhibit S.

Ex. "T": March 8, 2020 CDC Updated Guidance on Evaluating and Testing Persons for Coronavirus Disease 2019 (COVID-19), a true and correct copy of which is attached hereto as Exhibit T.

Ex. "U": March 10, 2020 CDC Interim Infection Prevention and Control Recommendations for Patients with Suspected or Confirmed Coronavirus Disease 2019 (COVID-19) in Healthcare Settings, a true and correct copy of which is attached hereto as Exhibit U.

Ex. "V": March 10, 2020, CMS Memorandum QSO 20-17-ALL- Guidance for use of Certain Industrial Respirators by Health Care Personnel, a true and correct copy of which is attached hereto as Exhibit V.

Ex. "W": March 11, 2020 CDPH All Facilities Letter AFL 20-22, a true and correct copy of which is attached hereto as Exhibit W.

Ex. "X": March 13, 2020 CMS Memorandum QSO-20-14-NH-Guidance for Infection Control and Prevention of Coronavirus Disease 2019 (COVID-19) in Nursing Homes (REVISED), a true and correct copy of which is attached hereto as Exhibit X.

Ex. "Y": March 17, 2020 CDC documents containing strategies for the optimizing the supply of eye protection, isolation gowns, N95 respirators and face masks, true and correct copies of which are collectively attached hereto as Exhibit Y.

Ex. "Z": March 20, 2020 CMS Memorandum QSO 20-20-ALL Prioritization of Survey Activities, a true and correct copy of which is attached hereto as Exhibit Z.

Ex. "AA": March 21, 2020, CDC publication entitled "Preparing for COVID-19: Long-term Care Facilities Nursing Homes," a true and correct copy of which is attached hereto as Exhibit AA.

Ex. "BB": April 2, 2020 CMS COVID-19 Long Term Care Facility Guidance, a true and correct copy of which is attached hereto as Exhibit BB.

   Ex. "CC": Fifth Amendment to Declaration under the PREP Act for Medical Countermeasures Against COVID–19 (January 28, 2021), effective February 2, 2021.  A true and correct copy of the Fifth Amended Declaration is attached hereto as Exhibit CC.

   Ex. "DD":  Advisory Opinion 21-01 on the Public Readiness and Emergency Preparedness Act Scope of Preemption Provision, issued January 8, 2021, by Office of the General Counsel.  A true and copy of this Advisory Opinion is attached hereto as Exhibit DD.

   Ex. "EE":  Statement of Interest of the United States submitted in *Bolton v. Gallatin Center for Rehabilitation & Healing, LLC*, No. 20-CV-00683 (M.D. Tenn. Jan. 19, 2021), a true and correct copy of which is attached hereto as Exhibit EE.

   Ex. "FF":  Department of Health and Human Services' Notice of Designation of Scarce Materials Subject to COVID-19 Hoarding Preventative Measures, 85 Fed. Reg. 17592, a true and correct copy of which is attached hereto as Exhibit FF.

   Under Federal Rule of Evidence 201, judicial notice is proper when a fact is not subject to reasonable dispute and capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.  *Wible v. Aetna Life Ins. Co.*, 375 F. Supp. 2d 956, 966 (C.D. Cal. 2005); Fed. R. Evid. 201.  Judicial notice of information obtained from a website is proper when neither party questions the authenticity of the site.  *Pollstar v. Gigmania Ltd.*, 170 F. Supp. 2d 974, 978 (E.D. Cal. 2000).

   "Under [Federal Rule of Evidence] Rule 201, the court can take judicial notice of public records and government documents available from reliable sources on the internet' such as websites run by government agencies."  *U.S. ex rel. Modglin v. DJO Global Inc.*, 48 F.Supp.3d 1362, 1381 (C.D. Cal. 2014).  The Court in *Modglin* held that it was proper for the Court to take judicial notice of documents proffered from the websites of the FDA, CMS, Medi-Cal and the SEC as "[i]nformation on government websites has often been treated as properly subject to judicial notice." *Ibid*. (citing *Paralyzed Veteran of Am. V. McPherson*, No. C 06-4670, 2008 WL 4183981, *5 (N.D. Cal. Sept. 8, 2008)).

   Here, Defendant has requested that the Court take Judicial Notice of the official acts of the United States Health and Human Services Secretary and his Office (the Declarations of Secretary Azar

attached as Exhibits B, C, D, E and FF, and the Advisory Opinions of the General Counsel for the Department of Health and Human Services, Office of the Secretary attached as Exhibits G, H and DD); the acts of Federal and State administrative Agencies (the CDC Guidance/Directives, CMS Memorandums and the CDPH All Facilities Letters attached as Exhibits J though BB; the list of covered countermeasures for which emergency use authorizations have been issued by the FDA which is attached as an Appendix to Secretary Azar's Declaration attached as Exhibit I, and the letter of Robert Charrow attached as Exhibit F) and the acts of the Federal Government (the Statement of Interest of the United States submitted in *Bolton v. Gallatin Center for Rehabilitation & Healing, LLC*, attached as Exhibit EE).

The Court may properly take Judicial Notice of these matters per the authorities set forth herein.

Dated:  June 1, 2021  WILSON GETTY LLP

By:   /s/ Evan J. Topol
    William C. Wilson
    Kim S. Cruz
    Ryan G. Canavan
    Evan J. Topol

Attorneys for Defendant SPRUCE HOLDINGS, LLC dba REDWOOD SPRINGS HEALTHCARE CENTER (erroneously sued and served as REDWOOD SPRINGS HEALTHCARE CENTER and SPRUCE HOLDINGS, LLC)

*<u>Marx Ford, individually and as SII to the Estate of Gennie Price, et al. v. Redwood Springs Healthcare Center, et al.</u>*
**United States District Court, Eastern District of California**
**Case No.**
**\*\*\***
**PROOF OF SERVICE**

I am employed in San Diego County.  I am over the age of 18 and not a party to this action.  My business address is 12555 High Bluff Drive, Suite 270, San Diego, California 92130.

On **June 1, 2021**, I served the foregoing documents, described in this action as:

- **REQUEST FOR JUDICIAL NOTICE FILED CONCURRENTLY WITH AND IN SUPPORT OF DEFENDANT'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1331, 1441, 1442(a)(1) and 1446**

addressed as follows:

> Warren R. Paboojian, Esq.
> Jason S. Bell, Esq.
> Baradat & Paboojian, Inc.
> 720 West Alluvial Avenue
> Fresno, CA 93711
> T: 559.431.5366
> F: 559.431.1702
> Email: wrp@bplaw-inc.com
> Email: jsb@bplaw-inc.com
> *Counsel for Plaintiffs*

**[X]    By CM/ECF ELECTRONIC DELIVERY:**    In accordance with the registered case participants and in accordance with the procedures set forth at the Court's website www.ecf.cacd.uscourts.gov.

**[X]    STATE:** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **June 1, 2021** at San Diego, California.

                                                  *F. Villalpando*
                                                  Felicia Villalpando