1  William C. Wilson, SBN: 149683
   bwilson@wilsongetty.com
2  Kim S. Cruz, SBN: 177406
   kcruz@wilsongetty.com
3  Ryan G. Canavan, SBN: 313990
   rcanavan@wilsongetty.com
4  Evan J. Topol, SBN: 274932
   etopol@wilsongetty.com
5  WILSON GETTY LLP
6  12555 High Bluff Drive, Suite 270
   San Diego, California 92130
7  Telephone:    858.847.3237
   Facsimile:    858.847.3365
8
   Attorneys for Defendant SPRUCE HOLDINGS, LLC dba REDWOOD SPRINGS HEALTHCARE
9  CENTER (erroneously sued and served as REDWOOD SPRINGS HEALTHCARE CENTER and
   SPRUCE HOLDINGS, LLC)

## UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| MARX FORD, individually and as Successor in Interest to the Estate of Gennie Price, deceased; RODNEY FORD; MARVIN FORD; and MORRIS FORD, <br><br> Plaintiffs, <br><br> vs. <br><br> REDWOOD SPRINGS HEALTHCARE CENTER; SPRUCE HOLDINGS, LLC; and DOES 1 to 50, inclusive, <br><br> Defendants. | Case No. 1:21−CV−00871−NONE−SAB <br><br> [Removal from Superior Court of California, County of Tulare Case No. VCU286614] <br><br> **REQUEST FOR JUDICIAL NOTICE FILED CONCURRENTLY WITH AND IN SUPPORT OF DEFENDANT SPRUCE HOLDINGS, LLC dba REDWOOD SPRINGS HEALTHCARE CENTER'S OPPOSITION TO PLAINTIFFS' MOTION TO REMAND** <br><br> U.S. Magistrate Judge: Stanley A. Boone <br><br> Hearing Date: August 5, 2021 <br> Hearing Time: 9:30 a.m. <br> Courtroom: Courtroom 4 |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA AND ALL PARTIES OF RECORD:**

PLEASE TAKE NOTICE that pursuant to Federal *Rules of Evidence*, Rule 201, Defendant, SPRUCE HOLDINGS, LLC dba REDWOOD SPRINGS HEALTHCARE CENTER, hereby requests that the Court take judicial notice of the following documents, attached as Exhibits "A" through "LL",

**REQUEST FOR JUDICIAL IN SUPPORT OF DEFENDANT SPRUCE HOLDINGS, LLC dba REDWOOD SPRINGS HEALTHCARE CENTER'S OPPOSITION TO PLAINTIFFS' MOTION TO REMAND**

and Exhibits "OO" through "QQ" in support of Defendants' Opposition to Plaintiffs' Motion to Remand.

Ex. "A"- Plaintiff's Complaint, a true and correct copy of which is attached hereto as Exhibit "A".

Ex. "B"- Declaration of Public Health Emergency for the 2019 Novel Coronavirus by Health and Human Services Secretary, a true and correct copy of which is attached hereto as Exhibit "B".

Ex. "C"- Proclamation of State of Emergency in California by Governor Newsom, a true and correct copy of which is attached hereto as Exhibit "C".

Ex. "D"- Statement by World Health Organization Director declaring that COVID-19 can be characterized as a global pandemic, a true and correct copy of which is attached hereto as Exhibit "D".

Ex. "E"- Declaration of National State of Emergency by President Donald Trump, a true and correct copy of which is attached hereto as Exhibit "E".

Ex. "F"- California Executive Order N-27-20 signed by Governor Newsom, a true and correct copy of which is attached hereto as Exhibit "F".

Ex. "H"- Defendant's Notice of Removal filed June 1, 2021, a true and correct copy of which is attached hereto as Exhibit "H."

Ex. "I"- March 10, 2020 Declaration of the United States Health and Human Services Secretary invoking the Public Readiness and Emergency Preparedness Act for the COVID-19 pandemic effective February 4, 2020. A true and correct copy of this Declaration is attached hereto as Exhibit "I".

Ex. "J"- April 10, 2020, Amended Declaration of the United States Health and Human Services Secretary extending liability immunity to additional covered countermeasures authorized under the Coronavirus Aid, Relief and Economic Security ("CARES") Act (i.e., NIOSH approved respiratory protective devices), effective March 27, 2020.   A true and correct copy of Amended Declaration is attached hereto as Exhibit "J."

Ex. "K"- June 4, 2020, Second Amendment to Declaration Under the Public Readiness and Emergency Preparedness Act for Medical Countermeasures Against COVID-19, Federal Register, Vol.

85, No. 110. A true and correct copy of this Second Amended Declaration is attached hereto as Exhibit "K".

Ex. "L" - January 8, 2020, CDC Health Update Outbreak of Pneumonia of Unknown Etiology (PUE) in Wuhan China, a true and correct copy of which is attached hereto as Exhibit "L".

Ex. "M"- January 17, 2020 CDC Interim Infection Prevention and Control Recommendations for Patients with Known or Patients Under Investigation for 2019 Novel Coronavirus (2019-n-coV) in a Healthcare Setting, a true and correct copy of which is attached hereto as Exhibit "M".

Ex. "N"- January 24, 2020 CDC Interim Infection Prevention and Control Recommendations for Patients with Known or Patients Under Investigation for 2019 Novel Coronavirus (2019-n-coV) in a Healthcare Setting, a true and correct copy of which is attached hereto as Exhibit "N".

Ex. "O"- February 1, 2020 CDC Health Update and Interim Guidance on the Outbreak of 2019 Novel Coronavirus (2019-n-coV). A true and correct copy of which is attached hereto as Exhibit "O".

Ex. "P"- California Department of Public Health ("CDPH") All Facilities Letters (AFLs) pushing out the information and directives issued by the CDC with respect to identification of PUI and infection prevention and control; AFLs 20-09, 20-10, 20-11, 20-13, and 20-15, true and correct copies of which are attached collectively hereto as Exhibit "P".

Ex. "Q"- The Centers for Medicare and Medicaid Services ("CMS") February 6, 2020 Memorandum QSO 20-09-ALL instructing healthcare providers to adhere to CDC directives regarding the use of standard, contact and airborne precautions when interacting with PUI, a true and correct copy of which is attached hereto as Exhibit "Q".

Ex. "R"- February 28, 2020, CDC Health Update and Interim Guidance on the Outbreak of 2019 Novel Coronavirus (COVID-19). A true and correct copy of which is attached hereto as Exhibit "R".

Ex. "S"-March 3, 2020, CDC Strategies to Prevent the Spread of COVID-19 in Long-Term Care Facilities (LTCF), a true and correct copy of which is attached hereto as Exhibit "S".

Ex. "T"- March 3, 2020, CDPH All Facilities Letter AFL 20-17, a true and correct copy of which is attached hereto as Exhibit "T".

Ex. "U"-March 4, 2020, CMS Memorandum Infection Control and Prevention of Coronavirus Disease 2019 (COVID-19) in Nursing Homes- QSO 20-14-NH, a true and correct copy of which is attached hereto as Exhibit "U".

Ex. "V"- March 8, 2020 CDC Updated Guidance on Evaluating and Testing Persons for Coronavirus Disease 2019 (COVID-19), a true and correct copy of which is attached hereto as Exhibit "V".

Ex. "W"- March 10, 2020 CDC Interim Infection Prevention and Control Recommendations for Patients with Suspected or Confirmed Coronavirus Disease 2019 (COVID-19) in Healthcare Settings. A true and correct copy of which is attached hereto as Exhibit "W".

Ex. "X"- March 10, 2020, CMS Memorandum QSO 20-17-ALL- Guidance for use of Certain Industrial Respirators by Health Care Personnel, a true and correct copy of which is attached hereto as Exhibit "X."

Ex. "Y"- March 11, 2020 CDPH All Facilities Letter AFL 20-22, a true and correct copy of which is attached hereto as Exhibit "Y".

Ex. "Z"- March 13, 2020 CMS Memorandum QSO-20-14-NH-Guidance for Infection Control and Prevention of Coronavirus Disease 2019 (COVID-19) in Nursing Homes (REVISED), a true and correct copy of which is attached hereto as Exhibit "Z".

Ex. "AA"- March 17, 2020 CDC documents containing strategies for the optimizing the supply of eye protection, isolation gowns, N95 respirators and face masks, true and correct copies of which are collectively attached hereto as Exhibit "AA".

Ex. "BB"- March 20, 2020 CMS Memorandum QSO 20-20-ALL Prioritization of Survey Activities, a true and correct copy of which is attached hereto as Exhibit "BB."

Ex. "CC"- March 21, 2020, CDC publication entitled "Preparing for COVID-19: Long-term Care Facilities Nursing Homes," a true and correct copy of which is attached hereto as Exhibit "CC".

Ex. "DD"-April 2, 2020 CMS COVID-19 Long Term Care Facility Guidance, a true and correct copy of which is attached hereto as Exhibit "DD".

Ex. "EE"- Department of Health & Human Services, Office of the Secretary, General Counsel Advisory Opinion on the Public Readiness and Emergency Preparedness Act and The March 10, 2020 Declaration Under the Act, April 17, 2020, as modified on May 19, 2020. A true and correct copy of this Advisory Opinion is attached hereto as Exhibit "EE".

Ex. "FF"- List of Covered Countermeasures subject to Emergency Use Authorizations by the United States Food and Drug Administration. A true and correct copy of this List is attached hereto as Exhibit "FF".

Ex. "GG"- Advisory Opinion 20-04, issued October 22, 2020 as amended October 23, 2020, by the General Counsel for the Department of Health & Human Services, Office of the Secretary. A true and copy of this Opinion is attached hereto as Exhibit "GG."

Ex. "HH" –Advisory Opinion 21-01 on the Public Readiness and Emergency Preparedness Act Scope of Preemption Provision January 8, 2021, issued by the General Counsel for the Department of Health & Human Services, Office of the Secretary, a true and correct copy of which is attached hereto as Exhibit "HH".

Ex. "II"- December 3, 2020, Fourth Amendment to Declaration of Health and Human Services Secretary Under the Public Readiness and Emergency Preparedness Act for Medical Countermeasures Against COVID-19. A true and correct copy of this Fourth Amended Declaration is attached hereto as Ex. "II".

Ex. "JJ"- Fifth Amendment to Declaration Under the Public Readiness and Emergency Preparedness Act for Medical Countermeasures Against COVID-19, a true and correct copy of which is attached hereto as Exhibit "JJ".

Ex. "KK"- August 14, 2020, Letter by the General Counsel for the Office of the Secretary of the Department of Health and Human Services ("HHS"), to Thomas Barker of Foley Hoag, LLP. A true and copy of this letter is attached hereto as Exhibit "KK".

Ex. "LL"- March 30, 2020, California Department of Public Health All Facilities Letter, AFL 20-32. A true and correct copy of this AFL is attached hereto as Exhibit "LL".

1  Ex. "OO"- April 6, 2020 CDC publication "Mitigate Healthcare Personnel Staffing Shortages" a true and correct copy of which is attached hereto as Exhibit "OO".

Ex. "PP"- April 13, 2020 CDPH All Facilities Letter AFL 20-39, notifying long-term care facilities of the latest CDC directives relating to the optimization of PPE supplies and advising facilities to review the strategies, a true and correct copy of which is attached hereto as Exhibit "PP".

Ex. "QQ"- Department of Health and Human Services' Notice of Designation of Scarce Materials Subject to COVID-19 Hoarding Preventative Measures, 85 Fed. Reg. 17592, a true and correct copy of which is attached hereto as Exhibit "QQ".

Ex. "RR"- Ruling on Defendant's Motion to Dismiss in *Rachal v. Natchitoches Nursing & Rehabilitation Center, LLC*, 1:21-CV-00334 (W.D. La. April 30, 2021).

Under Federal Rule of Evidence 201, judicial notice is proper when a fact is not subject to reasonable dispute and capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. *Wible v. Aetna Life Ins. Co.*, 375 F. Supp. 2d 956, 966 (C.D. Cal. 2005); Fed. R. Evid. 201. Judicial notice of information obtained from a website is proper when neither party questions the authenticity of the site. *Pollstar v. Gigmania Ltd.*, 170 F. Supp. 2d 974, 978 (E.D. Cal. 2000).

"Under [Federal Rule of Evidence] Rule 201, the court can take judicial notice of 'public records and government documents available from reliable sources on the internet' such as websites run by government agencies." *U.S. ex rel. Modglin v. DJO Global Inc.*, 48 F.Supp.3d at 1381. The Court in *Modglin* held that it was proper for the Court to take judicial notice of document proffered from the websites of the FDA, CMS, Medi-Cal and the SEC as "[i]nformation on government websites has often been treated as properly subject to judicial notice." [Citing *Paralyzed Veteran of Am. V. McPherson*, No. C 06-4670, 2008 WL 4183981, *5 (N.D. Cal. Sept. 8, 2008)]

Here, Defendants have requested that the Court take Judicial Notice of:

(1)   Pertinent pleadings filed herein- Plaintiff's Complaint attached hereto as Exhibit "A" and the Notice of Removal filed by Defendants, attached hereto as Exhibit "H";

(2)     The official acts of the United States Health and Human Services Secretary and his office- the Declarations of the HHS Secretary attached as Exhibits "B", "I", "J","K" "II" and "JJ"; the Notice of Designation of Scarce Materials issued by the Secretary attached as Exhibit "QQ"; and the Advisory Opinions of the General Counsel for the Department of Health and Human Services, Office of the Secretary attached as Exhibit "EE", "GG" and "HH";

(3)     The official acts of the Governor of the State of California- Proclamation of State of Emergency and Executive Order of California Governor Newson attached as Exhibits "C" and "F";

(4)     The official acts of the President of the United States- Declaration of National state of emergency by President Trump attached as exhibit "E";

(5)      The official acts of Federal and State administrative Agencies- the March 12, 2020 and April 1, 2020, COVID-19 Focused Infection Control Surveys conducted by the California Department of Public Health for the Centers for Medicare and Medicaid Services attached as Exhibit "G", the CDC Guidance/Directives, CMS Memorandums, and the CDPH All Facilities Letters attached as Exhibits "L" though "DD", Exhibit "LL", Exhibit "OO" and Exhibit "PP"; the list of covered countermeasures for which emergency use authorizations have been issued by the FDA and which is attached as an Appendix to the April 17, 2020 HHS Advisory Opinion attached as Exhibit "FF" and the August 14, 2020 letter of HHS Office of General Counsel attached as Exhibit "KK.";

(6)     The Statement by the World Health Organization attached as Exhibit "D"; and

(7)     The ruling of the on-Defendant's Motion to Dismiss in *Rachal v. Natchitoches Nursing & Rehabilitation Center, LLC*, 1:21-CV-00334, attached as Exhibit "RR."

///
///
///
///
///
///
///

**REQUEST FOR JUDICIAL IN SUPPORT OF DEFENDANT SPRUCE HOLDINGS, LLC dba REDWOOD SPRINGS HEALTHCARE CENTER'S OPPOSITION TO PLAINTIFFS' MOTION TO REMAND**

The Court may properly take Judicial Notice of these matters per the authorities set forth herein.

Dated: July 22, 2021                    WILSON GETTY LLP


By: /s/ Evan J. Topol
    William C. Wilson
    Kim S. Cruz
    Ryan G. Canavan
    Evan J. Topol

Attorneys for Defendant SPRUCE HOLDINGS, LLC dba REDWOOD SPRINGS HEALTHCARE CENTER (erroneously sued and served as REDWOOD SPRINGS HEALTHCARE CENTER and SPRUCE HOLDINGS, LLC)

<u>*Marx Ford, individually and as SII to the Estate of Gennie Price, et al. v. Redwood Springs Healthcare Center, et al.*</u>
**United States District Court, Eastern District of California**
**Case No. 1:21-cv-00871-NONE-SAB**
\*\*\*
**PROOF OF SERVICE**

I am employed in San Diego County.  I am over the age of 18 and not a party to this action.  My business address is 12555 High Bluff Drive, Suite 270, San Diego, California 92130.

On **July 22, 2021**, I served the foregoing documents, described in this action as:

- **REQUEST FOR JUDICIAL NOTICE FILED CONCURRENTLY WITH AND IN SUPPORT OF DEFENDANT SPRUCE HOLDINGS, LLC dba REDWOOD SPRINGS HEALTHCARE CENTER'S OPPOSITION TO PLAINTIFFS' MOTION TO REMAND**

addressed as follows:

Warren R. Paboojian, Esq.
Jason S. Bell, Esq.
Baradat & Paboojian, Inc.
720 West Alluvial Avenue
Fresno, CA 93711
T: 559.431.5366
F: 559.431.1702
Email: wrp@bplaw-inc.com
Email: jsb@bplaw-inc.com
*Counsel for Plaintiffs*

**[X]    By CM/ECF ELECTRONIC DELIVERY:**    In accordance with the registered case participants and in accordance with the procedures set forth at the Court's website www.ecf.cacd.uscourts.gov.

**[X]    STATE:** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **July 22, 2021** at San Diego, California.

*F. Villalpando*
Felicia Villalpando

**PROOF OF SERVICE**